IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LUCIANO ARGUENTA-ROMERO     )
                            )
    Petitioner,             )
                            )
v.                          )    1:06CV470
                            )    1:04CR121-1
UNITED STATES OF AMERICA    )
                            )
    Respondent.             )

MEMORANDUM OPINION AND ORDER

On June 12, 2007, in accordance with 28 U.S.C. § 636(b), the Recommendation of United States Magistrate Judge (Doc. 28) (hereinafter "Recommendation") was filed and notice was served on the parties in this action and a copy was given to the court. Within the time limitation set forth in the statute, Petitioner objected to the Recommendation. The court has appropriately reviewed the portions of the Magistrate Judge's Recommendation to which objection was made and has made a de novo determination which is in accord with the Recommendation. This de novo determination included not only a review of the pleadings filed by the parties but a review of the transcript of the evidentiary hearing conducted by the Magistrate Judge and a review of the deposition introduced by Petitioner. The court hereby adopts the Magistrate Judge's Recommendation in its entirety. This court

makes additional findings of fact based on the record and additional conclusions of law, all as set forth herein.

Petitioner raised two possible claims for relief in his petition pursuant to 28 U.S.C. § 2255. The first claim for relief alleges ineffective assistance of counsel. Petitioner alleges that his attorney's conduct was deficient because the attorney failed to object to the Presentence Report. The Magistrate Judge, in his Recommendation, found that Petitioner was not entitled to an evidentiary hearing on this claim, and further, that Petitioner was not prejudiced by counsel's performance. Accordingly, the Magistrate Judge recommends that relief on this claim be denied. Petitioner has not objected to the Magistrate Judge's Recommendation as to this issue. See Pet.'s Objections 1 (Doc. 31). As noted previously, the court has appropriately reviewed the record and adopts the Recommendation as to this issue.

In his second claim, Petitioner alleges that his attorney's conduct was deficient because the attorney failed to file a petition for writ of certiorari after the Fourth Circuit ruled against Petitioner in his appeal. Petitioner objects to the recommended findings and conclusions regarding this second claim for relief. After a de novo review of the pleadings, the transcripts of the evidentiary hearing and the deposition of David Shorin, this court adopts the Recommendation's findings of

fact in their entirety.  In addition to the adopted findings of fact, this court makes the following additional findings:

    1.  Petitioner's appellate counsel, Danielle Bess Obiorah ("Obiorah"), notified Petitioner of the denial of his appeal by letter dated November 16, 2007, (hereinafter "the Letter").  The Letter stated the following:

> This letter is to advise you that the Fourth Circuit Court of Appeals has denied your appeal.  I am enclosing a copy of the decision.  This means that they will not change your sentence or all [sic] a new sentencing hearing.  Your next appeal would be to the United States Supreme Court, however, the likelihood that the United States Supreme Court would reverse the Fourth Circuit's decision is unlikely.  However, any appeal to the Supreme Court must be made within 90 days of the decision.  At this point, your best option for relief is to file a 2255 claim.  I am enclosing the appropriate documents for the filing of such a claim.

(Def.'s Resp. Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Ex. E.)

    2.  Obiorah included with the Letter a copy of the decision of the Court of Appeals and a copy of the Fourth Circuit Court of Appeals "Notice of Judgment."  (Id., see also Tran. 34-35, 37, Apr. 2, 2007.)  That Notice of Judgment includes pertinent information about several procedures, including an instruction on "Criminal Cases" and "Petition for Writ of Certiorari."  (Def.'s Resp. Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Ex. E.)  Those instructions state that "[i]n criminal cases, counsel must inform the defendant in writing of the right to file a petition for writ of certiorari from an

3

adverse decision of this Court." (Id.) Thereafter, the Notice of Judgment continues: "Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. The petition must be filed in the United States Supreme Court within 90 days of this Court's entry of judgment." (Id.)

3. Obiorah advised Petitioner of the disposition of his appeal and the opportunity to seek a writ of certiorari from the Supreme Court.

4. Petitioner did not request, either by telephone or in writing, that Obiorah file a petition for writ of certiorari with the United States Supreme Court.

Analysis

Petitioner, in his factual objections, urges this court to make a number of factual findings which relate to Petitioner's alleged instructions to counsel (i.e. "pursue the appeal as far as possible" or "Petitioner eagerly sought to press forward with his appeals"). (Pet.'s Objections 5.) This court declines to make these findings. As noted by the Magistrate Judge and acknowledged by Petitioner, these instructions and comments were made during the period of appeal as a matter of right to the Court of Appeals and before the Court of Appeals issued its decision. Petitioner's state of mind prior to the decision of

4

the Fourth Circuit is irrelevant to the question of whether Petitioner ultimately elected to proceed with a petition for writ of certiorari or whether Petitioner was properly advised by counsel of his right to file such a petition. Furthermore, any optimism Petitioner might allege he maintained after receiving the Letter and the decision of the Fourth Circuit Court of Appeals is simply not credible.

Petitioner further argues that this court should find as a fact that after receiving the Letter, Petitioner understood that Obiorah had abandoned his case and would no longer assist in the appeal. The Letter, however, does not state that. The Letter and the attachments to the Letter state that Petitioner could appeal to the Supreme Court and that a petition for writ of certiorari had to be filed within 90 days of the decision. While Petitioner is free to assume that the Letter meant Obiorah would not file any petition or assist in the appeal, that does not make his assumption reasonable, nor is this court required to find Petitioner's understanding as a relevant fact.[1] Petitioner made

---

[1] As a further example of Petitioner's erroneous assumptions, Petitioner testified that he understood the Letter to mean that he had 90 days to file his 2255 petition. (Tran. 16-17, 26, Apr. 2, 2007.) The letter clearly states as follows: "However, any appeal to the Supreme Court must be made within 90 days of the decision." (Def.'s Resp. Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Ex. E.) The Letter does not set a time deadline for filing the 2255 petition.

5

this assumption on his own, without seeking clarification or further advice from counsel.[2]

Nevertheless, counsel is not generally required to file a petition for certiorari; if Petitioner had insisted on filing such a petition, Obiorah could have refused and filed a motion to withdraw from the case. See 18 U.S.C. § 3006A; see also The Fourth Circuit's Plan for Implementation of the Criminal Justice Act of 1964, § V.2 ("If appellant requests that a petition for writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a motion to withdraw with this court."). While it is not clear from the Letter whether Obiorah believed a petition for writ of certiorari would be frivolous, it is clear from the Letter that Obiorah believed such a petition would not be successful.

For the foregoing reasons, this court declines to adopt Petitioner's requested findings.

Petitioner also objects to the Magistrate Judge's legal analysis. Petitioner acknowledges that his first objection is made solely to preserve the record and is contrary to the holdings of Ross v. Moffitt, 417 U.S. 600, 94 S. Ct. 2437 (1974)

---

[2] It is notable that Petitioner claims to have sent two letters to Obiorah and one letter to the Court of Appeals prior to the Fourth Circuit's decision, but then attempted no further communication with counsel after the Letter and notification of the Court of Appeals decision. Petitioner was well aware of how to contact counsel for additional information if necessary.

6

and <u>Wainwright v. Torna</u>, 455 U.S. 586, 102 S. Ct. 1300 (1982). That objection requires no further discussion.

Petitioner argues that Obiorah was ineffective in discharging her responsibilities to Petitioner following notification of an adverse decision from the Court of Appeals. Petitioner contends that Obiorah failed to discuss the costs and benefits of filing a petition and otherwise failed to consult with Petitioner about his options. Petitioner cites <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 120 S. Ct. 1029 (2000) and <u>United States v. King</u>, 11 Fed. Appx. 219 (4th Cir. 2001) (unpublished decision) in support of his argument.

<u>Roe v. Flores-Ortega</u> is not applicable. In <u>Roe</u>, the Supreme Court addressed the applicable standards for counsel in the context of filing a notice of appeal, not a petition for certiorari. <u>Roe</u>, 528 U.S. at 476-81, 120 S. Ct. 1034-37. A defendant's constitutional right to effective assistance of counsel continues through a direct appeal, <u>Anders v. California</u>, 386 U.S. 738, 87 S. Ct. 1396 (1967), but does not extend to forums for discretionary review, <u>Ross</u>, 417 U.S. 600, 94 S. Ct. 2437; <u>Wainwright</u>, 455 U.S. 586, 102 S. Ct. 1300. As the Supreme Court stated in <u>Roe</u>, in the context of a direct appeal, "the better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal." <u>Roe</u>, 528 U.S. at 479, 120 S. Ct. at 1035. However, the Court rejected a

7

Case 1:04-cr-00121-WO   Document 31   Filed 08/06/08   Page 7 of 9

bright-line rule that counsel must always consult with the defendant regarding an appeal. Id. Instead, the Supreme Court held that "counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480, 120 S. Ct. at 1036. Obiorah met the standards set forth in Roe when she filed the original notice of appeal.

The requirements of counsel in the forum of a petition for writ of certiorari are set forth in The Fourth Circuit's Plan for Implementation of the Criminal Justice Act, § V.2, "Attorney's Duty to Continue Representation, Appellate Counsel." See also United States v. King, 11 Fed. Appx. 219 (4th Cir. 2001)(unpublished opinion). Counsel is required to advise a defendant of the disposition of his appeal and his right to seek a writ of certiorari from the Supreme Court. Id. While the Letter is not a model of clarity, nor one this court would commend to lawyers generally,[3] under the circumstances of this

---

[3]The Letter leaves open the question of how counsel should proceed had Petitioner tried to call Obiorah after receiving the Letter but was not able to speak with her directly.

Furthermore, it is unclear to this court why Obiorah would advise Petitioner that his best course of action is to file a petition pursuant to 28 U.S.C. § 2255 as opposed to a petition for writ of certiorari. The obvious implication to this court is
(continued...)

case it does meet the requirements of the Criminal Justice Act as set forth in <u>King</u>. Accordingly, this court finds that Obiorah did not fail to advise Petitioner of the decision of the Court of Appeals and of his right to file a petition for certiorari with the United States Supreme Court. Petitioner did not request, in any form, that Obiorah file a petition for writ of certiorari.

For the reasons set forth in the Recommendation and in this opinion, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) is DENIED and that this action be dismissed with prejudice. A judgment dismissing this action will be entered contemporaneously with this order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 6th day of August, 2008.

_William L. Osteen, Jr._
United States District Judge

---

[3] (...continued)
that Obiorah is suggesting an ineffective assistance claim (the most commonly filed § 2255 claim in this court's experience) might have some merit. That is odd considering Obiorah represented Petitioner in the district court and on direct appeal.